UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. 08 CR 0052 (01) |
| | ) | |
| vs. | ) | Honorable John W. Darrah |
| | ) | Presiding Judge |
| JESUS M. RIVERA, | ) | |
| | ) | Hon. Martin C. Ashman |
| Defendant. | ) | Magistrate Judge |

**NOTICE OF FILING AND PROOF OF SERVICE**

TO: Renato T. Mariotti
Assistant U.S. Attorney
219 S. Dearborn Street
Chicago, IL 60604

Please take notice that on 14th day of March, 2008, we shall file with the Clerk of the U.S. District Court, the attached Motion for Release Pending Trial (with Exhibits).

/s/ Neil H. Cohen
Attorney for Jesus M. Rivera

Neil H. Cohen
Attorney at Law
2000 N. Clifton Avenue
Chicago, IL 60614-4120
Telephone (773) 871-4814
Facsimile (773) 871-3304

**PROOF OF SERVICE**

On the 14 day of March, 2008, we hand and electronically delivered to the above-named party this Notice and attached submission.

/s/ NEIL H. COHEN

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. 08 CR 0052 (01) |
| | ) | |
| vs. | ) | Honorable John W. Darrah |
| | ) | Presiding Judge |
| JESUS RIVERA, | ) | |

) Hon. Martin C. Ashman
Defendant. ) Magistrate Judge

**MOTION FOR RELEASE PENDING TRIAL**

Jesus M. Rivera (hereafter Rivera), through undersigned counsel, and pursuant to 18 U.S.C. § 3142, respectfully moves that this Court enter an order granting Rivera release, pending trial. In support, the following is asserted:

1. **First Principles**: In Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1 (1951), Chief Justice Vinson considered, on certiorari, questions surrounding the rejection of pretrial release. Writing for the full Court the Chief Justice explained:

> First. From the passage of the Judiciary Act of 1789, 1 Stat. 73, 91, to the present Federal Rules of Criminal Procedure, Rule 46(a)(1), 18 U.S.C.A., federal law has unequivocally provided that a person arrested for a non-capital offense *shall* be admitted to bail. This traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction. * * * Unless this right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning.

342 U.S. at 4, 72 S.Ct. at 3 (parallel citation omitted).[1]

Justice Jackson's concurring opinion included:

> The practice of admission to bail, as it has evolved in Anglo-American law, is not a device for keeping persons in jail upon mere accusation until it is found convenient to give them a trial. *On the contrary, the*

[1] The Chief Justice referenced the Eighth Amendment: "Excessive bail shall not be required * * * ," 72 S.Ct. at 3, n. 1).

> *spirit of the procedure is to enable them to stay out of jail until a trial has found them guilty. Without this conditional privilege, even those wrongly accused are punished by a period of imprisonment while awaiting trial nd are handicapped in consulting counsel, searching for evidence and witnesses, and preparing a defense.*

342 U.S. at 7-8, 72 S.Ct. at 5 (emph. added).[2]

In United States v. Salerno, 481 U.S. 739, 107 S.Ct. 2095 (1987), the Court considered the current Bail Reform Act (18 U.S.C. § 3141, *et seq.* - 1982). The respondent, Anthony *Salerno*, had been charged with, *inter alia*, conspiracy to commit murder within the fabric of a far-reaching RICO indictment. The district court detained *Salerno* based on "danger," but the court of appeals reversed. On further review, Chief Justice Rehnquist considered the history of bail and the BRA, while holding that neither the Due Process Clause of the Fifth Amendment nor the Eighth Amendment prohibited pretrial detention where danger——danger to the community——provided the *sine qua non* for detention, 107 S.Ct. at 2100-03. In pertinent part, the Chief Justice explained that the Court was not attempting to "minimize the importance and fundamental nature of this [pretrial liberty] right," 107 S.Ct. at 2103. However, when the government proved by "clear and convincing evidence that an arrestee presents an identified and articulable threat to an individual or the community, we believe that,

---

[2] Accord: United States v. Motlow, 10 F.2d 657, 659 (7th Cir. 1926) (As to bail. The Eighth Amendment provides that "excessive bail shall not be required." This implies, and therefore safeguards, the right to give bail at least before trial.) (opinion by U.S. Supreme Court Justice Butler).

consistent with the Due Process Clause, a court may disable the arrestee from executing that threat," 107 S.Ct. at 2103. Reduced to substance, the Court held that where danger/danger to the community——has been demonstrated by clear and convincing evidence——pretrial detention may follow.

Most assuredly, pretrial detention is the antithesis of both the Due Process Clause of the Fifth Amendment and the bail guarantees of the Eighth Amendments. In *Salerno*, the Court sanctioned the limited circumstances permitting pretrial detention——where the government has demonstrated by clear and convincing evidence "danger" and/or "danger" to the community.

As to Mr. Rivera, pretrial detention cannot be predicated on either "danger" or upon an ephemeral theory that he is a "risk of flight."

2. **Background - Jesus Rivera.** Mr. Rivera is 33 years old, of Puerto Rican ancestry and a citizen of the United States. Rivera is married to Melinda Rivera, who is gainfully employed.
They have two sons, Mark, age 20, and Michael, age 19, who are both living at home and in school. The Riveras reside in a home they own located in Rolling Meadow, Illinois.

Rivera has two sisters, Noemi and Jolanda, both of whom work and own property in the City of Chicago.

Rivera attended Schurz High School and received his G.E.D. in 2002 through a program offered at Wright Jr. College.

Until recently, Rivera had been gainfully employed his entire adult life, working at, in chronological order: McDonalds (for two

year, from ages 15-17); Target (for two years, from ages 17-19); Tiger Flex (an industrial concern in Elk Grove Village, for eight years, from ages 19-27); and Hudson RCI (a water distributor in Palatine, for two and a half years, from ages 27 to 30).

In 2005, Mr. Rivera received extensive back injuries (to S4 and S5) in an automobile accident. He has been operated on and has been treated for same throughout the last three or so years. As a result, he has been unable to work and suffers continuous, and sometimes extreme, pain.

3. **The Indictment and Tendered Discovery.** The *sine qua non* of indictment 08 CR 0052 relates to events allegedly occurring on January 17th and 18th of 2008. In sum, the indictment alleges that on said dates, Rivera endeavored to broker a drug deal between a government-operated selling Confidential Witness (CW) and prospective purchaser (and now co-defendant) Perry Black.

Tendered discovery discloses numerous unsuccessful antecedent conversations between the CW and Mr. Rivera regarding the CW's desire to find a willing purchaser of kilogram quantities of cocaine.

In the end, Mr. Rivera provided a willing buyer (Mr. Black) who offered and had money+ to buy two kilograms of powder cocaine, and the two were arrested. No cocaine changed hands.

4. **Reasons advanced in support of release pending trial.**

a. Mr. Rivera is a United States citizen.

b. Mr. Rivera has minimal criminal history and none supportive of the notion that Rivera is a "flight risk."

c. Neither Mr. Rivera's past nor his alleged participation in the instant offense carry any overtones that he is otherwise a danger to this community.

d. Posting Property as a Condition of Pretrial Release

While The Bail Reform Act does not limit pretrial release to those who own their own residence Mr. Rivera, his wife and his sister are ready, willing and able to post the equity in their respective homes in order to secure Rivera's release pending trial.

Cumulatively the mortgage free equity in the offered parcels of real estate are valued at approximately **$112,000.00**.[3] And, of course, were Rivera released, pending trial, and had the poor judgment to abscond——all three sureties would lose their property, cf., United States v. King, 349 F.3d 964 (7th Cir. 2003).

e. Community Ties

As observed above, Mr. Rivera has considerable community ties

---

[3] Mr. and Mrs. Rivera own their condo located at 2308 Algonquin Road, #5, in Rolling Meadows, Il 60008. (See Exhibit 1, attached hereto, recorded Warranty Deed for said property). A recent appraisal (2/21/08) of said property, ascribes a value to it of $126,000.00. (See Exhibit 2, attached hereto and incorporated herein, Appraisal). A payoff letter for the property advises us that a little less than $82,000.00 is owed on the property. (See Exhibit 3, attached hereto and incorporated herein, Payoff Demand Statement). Thus, a secured total of approximately **$44,000.00** is available as to this property.

Mr. Rivera's sister, Jolanda O'Hare and her husband, own a single family residence located at 1838 N. Richmond in Chicago. (Title and/or Mortgage documents forthcoming). Said property has an appraised value of $370,000.00. (See Appraisal of 2/25/08, attached hereto and incorporated herein, as Exhibit 4). Approximately $302,000.00 is owed on the property. (See Payoff Letter of 2/27/08, attached hereto and incorporated herein as Exhibit 5). Thus, Thus, a secured total of approximately **$68,000.00** is available as to this property.

- which means, *inter alia*, that he has no reason to flee and no place to go. Further, in securing his release with his home, the result of a decision to flee would be to boot his wife, his two sons and his sisters out of their homes --- a highly unlikely occurrence. [4]

f. Medical Condition

As demonstrated by the most recent letter from his doctor, Mr. Rivera suffers a chronic condition related to L4-5 of his spine. Treatments offer temporary help and, per his doctor, surgery --- a drastic alternative for anyone with back pain --- is recommended. (See Letter from Steven Malkin, MD, dated 9/7/07, attached hereto and incorporated herein as Exhibit 6).

g. Conditions of Release

Rivera, through counsel, proposes release conditions that will more than assure the court and the government that he will meet his obligations to appear. For example, Rivera will tender any already-issued passport, and will agree to forego any opportunity to secure another [passport]. Further, there is no difficulty in restricting travel to the Northern District of Illinois, and to report to Pretrial Services as directed. Additionally, Rivera will seek employment as his injury permits and, presumptively, any employment

---

[4] It would serve no useful purpose for Rivera, upon release, to depart the jurisdiction or otherwise avoid court-related proceedings. As the court noted in United States v. Skoczen, 405 F.3d 537, 548-49 (7th Cir. 2005), the government is permitted to present evidence to the trial jury regarding the defendant's flight to avoid trial. That being the case, it is *indecorous* to believe that Rivera would "risk" the admission of adverse evidence [flight] when such evidence may be considered by the jury as an attribute of guilt *vel non*, 405 F.3d at 549.

he is able to secure during the pendency of these proceedings, will be the subject of approval by Pretrial Services.

Further, Rivera and family will post and sign-over conditional title to their available realty, as previously discussed.

5. **Conclusion.** Rivera maintains that the above conditions, blended with the submission of equitable real estate properties are more than adequate to undermine any illusory "risk of flight." 18 U.S.C. § 3142(j) reminds the motivated reader that——"Nothing in this section shall be construed as modifying or limiting the presumption of innocence."

Blending the above, with the balance of the content of this submission, it is pristine that Jesus M. Rivera is hardly a flight risk. It is also clear that there are no factors in favor of detention that are otherwise supported by clear and convincing evidence. 18 U.S.C. § 3142(g)

Thus, Mr. Rivera respectively moves that this Court to enter an order granting him pretrial release, with such conditions as this Court deems appropriate.

Respectfully submitted,

/s/Neil H. Cohen
Attorney for Jesus M. Rivera

Neil H. Cohen
Attorney at Law
2000 N. Clifton Avenue
Chicago, IL 60614
Telephone: 773/871-4814
Facsimile: 773/871-3304