

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JUN 18 2008
6-18-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 08 CR 52-1 |
| vs. | ) | Judge John W. Darrah |
| | ) | |
| JESUS M. RIVERA | ) | |

## PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant JESUS M. RIVERA, and his attorney, NEIL H. COHEN, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2. The indictment in this case charges defendant with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine (Count 1) and attempt to possess with intent to distribute 500 grams or more of cocaine (Count 2).

3. Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crimes with which he has been charged.

## Charge to Which Defendant is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Count Two of the indictment. Count Two charges defendant with attempting to possess with intent to distribute 500 grams or more of cocaine. In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

## Factual Basis

6. Defendant will plead guilty because he is in fact guilty of the charge contained in Count Two of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt, and constitute relevant conduct within the meaning of Guideline 1B1.3. Defendant further admits that these facts establish a basis for forfeiture of the property described elsewhere in this Plea Agreement:

On or about January 18, 2008, at Chicago, in the Northern District of Illinois, Eastern Division, JESUS M. RIVERA, defendant herein, did attempt to knowingly and intentionally possess with intent to distribute a controlled substance, namely, 500 grams or more of mixtures containing cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846.

Specifically, on or about January 17, 2008, the defendant arrived in the vicinity of Humboldt Park and met with a cooperating source (hereinafter "CS"), who told the defendant that the price for the cocaine was $18,500 per kilogram. The defendant expressed his interest

in purchasing cocaine from the CS. The defendant told the CS that he/she (the CS) should pick the hotel where the transaction should take place and the he (the defendant) would show up at the hotel with the money. The defendant also said that he would call the CS later that night, to let him/her know how many kilograms he wanted.

Later that night, on or about January 17, 2008, the defendant called the CS, who told the defendant that if he (the defendant) purchased five kilograms of cocaine, the CS would sell them to the defendant for $18,000 per kilogram. The defendant told the CS that he was still trying to gather enough money for five kilograms, but that he would contact the CS the following morning.

A day later, on or about January 18, 2008, the defendant and the CS met at a restaurant and proceeded to a hotel room rented by the CS. Inside the CS's hotel room, the CS showed the defendant five kilograms of cocaine. The defendant closely examined the kilograms of cocaine, picking up one of the kilograms and asking the CS if the quality of the cocaine was good. The defendant then cut into one of kilograms and ingested some of the cocaine. The defendant then told the CS that he would call someone to bring the money. The defendant said that a "guy" wanted five kilograms and that before he (the defendant) came over to the hotel, the guy was counting and getting the money together. Defendant knew the "guy" to be co-defendant Perry Black.

Later that day, on January 18, 2008, co-defendant Perry Black arrived at the hotel carrying a backpack. The defendant knew that the backpack contained money to be used to

purchase cocaine. The defendant met with Black and went to the CS's hotel room. Inside the hotel room, the defendant and Black told the CS that Black had $44,000, enough for two kilograms of cocaine. Black emptied the money into the bed in the hotel room, and the defendant, the CS, and Black counted the money.

### Maximum Statutory Penalties

7.     Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

a.     A maximum sentence of 40 years' imprisonment, and a statutory mandatory minimum sentence of 5 years. Pursuant to Title 18, United States Code, Section 3561, defendant may not be sentenced to a term of probation for this offense. This offense also carries a maximum fine of $2,000,000. Defendant further understands that the judge also may impose a term of supervised release of at least four years.

b.     In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty imposed.

### Sentencing Guidelines Calculations

8.     Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

4

9.  For purposes of calculating the Sentencing Guidelines, the parties agree and, where noted, disagree on the following points:

a.  **Applicable Guidelines.** The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2007 Guidelines Manual.

b.  **Offense Level Calculations.**

i.  It is the government's position that the base offense level, including all relevant conduct, for the charge in Count Two of the indictment is 32, pursuant to Guideline §2D1.1(c)(4), because the amount of cocaine involved in the offense of conviction and relevant conduct was five kilograms of cocaine. It is the defendant's position that the base offense level for the charge in Count Two of the indictment is 28, pursuant to Guideline §2D1.1(c)(6), because the defendant believes that the calculation should be based on two kilograms of cocaine. Both parties are free to argue and to present evidence about their respective positions at the sentencing hearing.

ii.  Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline §3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested

financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

      iii.    In accord with Guideline §3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline §3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

    c.    **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government and stipulated below, defendant's criminal history points equal 2 and defendant's criminal history category is II:

      i.    On or about July 13, 1993, in the Circuit Court of Cook County, defendant was convicted of Unlawful Use of Weapon, for which he was sentenced to one year court supervision and 40 hours' community service. On February 22, 1994, supervision was terminated unsatisfactorily. Pursuant to Guideline § 4A1.2(e)(2), defendant receives no criminal history points for this conviction.

      ii.    On or about February 22, 1994, in the Circuit Court of Cook County, defendant was convicted of Unlawful Use of Weapon, for which he was sentenced

to 29 days' imprisonment. Pursuant to Guideline § 4A1.2(e)(2), defendant receives no criminal history points for this conviction.

   iii. On or about October 3, 1995, in the Circuit Court of Cook County, defendant was convicted of Manufacture and Deliver Controlled Substances, for which he was sentenced to 29 days' imprisonment. Pursuant to Guideline § 4A1.2(e)(2), defendant receives no criminal history points for this conviction.

   iv. On or about June 19, 2000, in the Circuit Court of Cook County, defendant was convicted of one count of Domestic Battery and two counts of Aggravated Battery of Peace Officer, for which he was sentenced to 18 months' probation and 15 days' community service. Pursuant to Guideline § 4A1.1(c) and Guideline § 4A1.2(a)(2), defendant receives 1 criminal history point for these convictions.

   v. On or about June 21, 2002, in the Circuit Court of Cook County, defendant was convicted of Knowingly Damage Property, for which he was sentenced to 2 years' probation. Pursuant to Guideline § 4A1.1(c), defendant receives 1 criminal history point for this conviction.

  d. **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, under the government's calculation, the anticipated offense level is 29, which, when combined with the anticipated criminal history category of II, results in an anticipated advisory Sentencing Guidelines range of 97 to 121 months' imprisonment, in addition to any supervised release, fine, and restitution the Court

may impose. Under the defendant's calculation, the anticipated offense level is 25, which, when combined with the anticipated criminal history category of II, results in an anticipated advisory Sentencing Guidelines range of 63 to 78 months' imprisonment, in addition to any supervised release, fine and restitution the Court may impose. Defendant also acknowledges that he is subject to a statutory minimum sentence of 5 years' imprisonment.

    e. Defendant and his attorney and the government acknowledge that the above Guideline calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional Guideline provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

    f. Both parties expressly acknowledge that this plea agreement is not governed by Fed.R.Crim.P. 11(c)(1)(B), and that errors in applying or interpreting any of the Sentencing Guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines.

The validity of this Plea Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

## Agreements Relating to Sentencing

10. The government may recommend any sentence it deems appropriate within the applicable guidelines range.

11. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

12. Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

13. The government agrees not to file an information against defendant pursuant to Title 21, United States Code, Section 851 seeking enhancement of defendant's sentence on the basis of a prior conviction for a felony drug offense.

14. After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining count of the indictment as to this defendant.

## Forfeiture

15. The indictment charges that defendant is liable to the United States for approximately $43,384, which funds are subject to forfeiture because those funds were used, and were intended to be used, to commit and to facilitate the commission of the violations alleged in Count Two of the indictment. By entry of a guilty plea to Count Two of the indictment, defendant acknowledges that the property identified above is subject to forfeiture.

16. Defendant agrees to the entry of a forfeiture judgment in the amount of $43,384, in that this property is subject to forfeiture. Prior to sentencing, defendant agrees to the entry of a preliminary order of forfeiture relinquishing any right of ownership he has in the above-described funds and further agrees to the seizure of these funds so that these funds may be disposed of according to law. Defendant is unaware of any third party who has an ownership interest in, or claim to, the property subject to forfeiture.

17. Defendant understands that forfeiture of this property shall not be treated as satisfaction of any fine, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

## **Presentence Investigation Report/Post-Sentence Supervision**

18. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope and extent of

defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

19.  Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of his sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

20.  For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release to which defendant is sentenced. Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

21. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 08 CR 52.

22. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

23. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a. **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

        i. The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be

conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

  ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

  iii. If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

  iv. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

  v. At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would

be able to confront those government witnesses and his attorney would be able to cross-examine them.

    vi.    At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

    vii.    At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

    b.    **Appellate rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 10 days of the entry of the judgment of conviction.

    c.    Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

24.    By entering this plea of guilty, defendant also waives any and all right the defendant may have, pursuant to 18 U.S.C. §3600, to require DNA testing of any physical

evidence in the possession of the Government. Defendant fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

### Other Terms

25. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

### Conclusion

26. Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

27. Defendant understands that his compliance with each part of this Plea Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations

on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

28. Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

29. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

30. Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: June 18, 2008

_____
PATRICK J. FITZGERALD
United States Attorney

_____
JESUS M. RIVERA
Defendant

_____
RENATO MARIOTTI
Assistant U.S. Attorney

_____
NEIL H. COHEN
Attorney for Defendant